IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICK TYRONE ROBINSON,

                Plaintiff,

v.

L. BUCHANAN and D. VALERIUS,

                Defendants.

OPINION and ORDER

20-cv-115-jdp

Pro se plaintiff and prisoner Rick Tyrone Robinson has filed a complaint in which he alleges that he was deprived of his asthma inhaler from January 3, 2020, to January 15, 2020. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. Because the complaint does not provide fair notice of Robinson's claims, I will dismiss the complaint but give Robinson an opportunity to replead.

Robinson's claim arises under the Eighth Amendment to the United States Constitution. A prison official violates a prisoner's Eighth Amendment right to medical care if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). In the context of this case, that standard means that Robinson must prove three things: (1) Robinson had a serious medical need for his inhaler; (2) defendants knew that Robinson needed and did not have his inhaler; and (3) defendants had the ability to help Robinson get his inhaler, but they consciously failed to do so.

To state a claim under this standard, Robinson must: (1) describe his claim in sufficient detail to give the defendants fair notice of what the claim is and the grounds upon which it rests; and (2) allege facts that plausibly suggest that he has a right to relief above a speculative level. *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 601–02 (7th Cir. 2016). Stated another

way, Robinson "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Robinson's complaint does not provide fair notice or state a plausible a claim. First, it is not clear whether Robinson suffered any serious health consequences as a result of not having his inhaler. In his January 13, 2020 health service request (which is attached to the complaint) Robinson wrote that he had been without his inhaler for two weeks, but he did not allege any breathing problems or other symptoms. Dkt. 1-1. Similarly, a response to his grievance (which Robinson also filed with the court) doesn't mention any symptoms Robinson suffered while he was deprived of his inhaler. Dkt. 10, at 2. But in his complaint, Robinson says at one point that he had "difficult[y] breathing" and later says that that he had "an asthma attack." Dkt. 1, at 2–3. Robinson should clarify whether he suffered from any health problems as a result of not having his inhaler in January 2020, and, if so, what those problems were.

Second, Robinson's complaint provides no information about Buchanan and Valerius's alleged involvement in violating his rights. He simply says that they "delay[ed] his emergency inhaler." *Id.* at 2. But he doesn't say explain who those defendants are, how they were involved in any delay, whether any delay was intentional, whether they knew that he didn't have his inhaler, or what they could have done to get his inhaler sooner. Without that information, Robinson doesn't state a plausible claim under the Eighth Amendment.

So I will dismiss the complaint, but I will give Robinson an opportunity to file an amended complaint that provides the information requested by the court.

ORDER

IT IS ORDERED that Rick Tyrone Robinson's complaint is DISMISSED without prejudice. Robinson may have until May 11, 2020, to file an amended complaint that addresses the issues discussed by the court. If Robinson does not file an amended complaint, I will dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted and record a strike. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

Entered April 24, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge